1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIAR K. GAINER,

               Plaintiff,

      v.

TIMOTHY CROSS, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 13-01566-GHK (KK)

ORDER TO SHOW CAUSE

      On June 3, 2014, Plaintiff Miar K. Gainer ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed his Fourth Amended Complaint ("FAC").   ECF Docket ("docket") No. 26.   The FAC was screened and the Court ordered service on the sole defendant named in the FAC, Christian Dekker, on June 4, 2014.  Docket Nos. 27-29.

      On March 19, 2015, the Court received Process Receipt and Return Forms for defendant Dekker who was served on March 12, 2015.  Docket No. 35.  Therefore, a response to the FAC  by defendant Dekker was due on or before April 2, 2015.  See Fed. R. Civ. P. 12(a)(1).

      Defendant Dekker failed to respond by April 2, 2015.  Thus, on May 22, 2015, this Court issued an order for defendant Dekker to show cause as to why he failed to file a responsive pleading.  Docket No. 38.  As of this date, defendant Dekker has

failed to file a response to the FAC, or the Court's May 22 2015 Order to Show Cause.

The failure of a party to defend against an action can be grounds for entry of judgment against that party. Federal Rule of Civil Procedure 55 provides a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Id. "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Id. A defendant's default *does not* automatically entitle the plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is entirely within the court's discretion. See id.

Entry of default—the first of these two steps—is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure is shown by affidavit or otherwise*, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

///

///

///

///

///

///

///

2

1    Accordingly, on or before **June 30, 2015**, Plaintiff is ORDERED to show good

2    cause in writing, if any exists, why Plaintiff has not proceeded to seek an entry of

3    default in this action as to defendant Dekker, pursuant to Rule 55(a).  Plaintiff is

4    forewarned that, if he fails to show cause, request entry of default, or otherwise

5    respond to this Court's Order, the Court will construe such unresponsiveness as

6    evidence of Plaintiff's lack of prosecution of this action, and that such lack of

7    prosecution will constitute a basis to dismiss this action in its entirety.

8

9    DATED: June 9, 2015

10   _____
     KENLY KIYA KATO
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3