UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIAR K. GAINER,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY CROSS, et al.,<br><br>    Defendants. | Case No. EDCV 13-01566-GHK (KK)<br><br>ORDER TO SHOW CAUSE |

## I.

## **PROCEDURAL HISTORY**

On June 3, 2014, Plaintiff Miar K. Gainer ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed his Fourth Amended Complaint ("FAC").  ECF Docket ("docket") No. 26.  The FAC was screened and the Court ordered service on the sole defendant named in the FAC, Christian Dekker, on June 4, 2014. Docket Nos. 27-29.

On March 19, 2015, the Court received Process Receipt and Return Forms for defendant Dekker who was served on March 12, 2015.  Docket No. 35. Therefore, a response to the FAC  by defendant Dekker was due on or before April 2, 2015.  See Fed. R. Civ. P. 12(a)(1).

Defendant Dekker failed to respond by April 2, 2015. Thus, on May 22, 2015, this Court issued an order for defendant Dekker to show cause as to why he failed to file a responsive pleading. Docket No. 38. As of this date, defendant Dekker has failed to file a response to the FAC, or the Court's May 22 2015 Order to Show Cause.

On June 29, 2015, Plaintiff filed a Request for Entry of Default, pursuant to Federal Rule of Civil Procedure 55(a). Docket No. 40. On June 30, 2015, the Clerk of the Court entered default against defendant Dekker, in accordance with Rule 55(a). Docket No. 41.

## II.
## LEGAL STANDARD

The failure of a party to defend against an action can be grounds for entry of judgment against that party. Federal Rule of Civil Procedure 55 provides a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Id. "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Id. A defendant's default *does not* automatically entitle the plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is entirely within the court's discretion. See id.

Entry of default judgment—the second of these two steps—is governed by Rule 55(b), which provides as follows:

    (b) Entering a Default Judgment.

|   |   |
|---|---|
| 1 | (1) By the Clerk. If the plaintiff's claim is for a |
| 2 | sum certain or a sum that can be made certain by |
| 3 | computation, the clerk--on the plaintiff's request, with an |
| 4 | affidavit showing the amount due--must enter judgment |
| 5 | for that amount and costs against a defendant who has |
| 6 | been defaulted for not appearing and who is neither a |
| 7 | minor nor an incompetent person. |
| 8 | (2) By the Court. In all other cases, the party must |
| 9 | apply to the court for a default judgment. A default |
| 10 | judgment may be entered against a minor or incompetent |
| 11 | person only if represented by a general guardian, |
| 12 | conservator, or other like fiduciary who has appeared. If |
| 13 | the party against whom a default judgment is sought has |
| 14 | appeared personally or by a representative, that party or |
| 15 | its representative must be served with written notice of |
| 16 | the application at least 7 days before the hearing. The |
| 17 | court may conduct hearings or make referrals--preserving |
| 18 | any federal statutory right to a jury trial--when, to enter |
| 19 | or effectuate judgment, it needs to: |
| 20 | (A) conduct an accounting; |
| 21 | (B) determine the amount of damages; |
| 22 | (C) establish the truth of any allegation by |
| 23 | evidence; or |
| 24 | (D) investigate any other matter. |
| 25 | Fed. R. Civ. P. 55(b). |
| 26 | Moreover, Central District Local Rule 55-1 provides that an application for |
| 27 | default judgment must be accompanied by a declaration in compliance with |
| 28 | Federal Rule of Civil Procedure 55(b) setting forth: (1) when and against what |

party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to plaintiff if relief is denied; (2) the sufficiency of the complaint; (3) the substantive merits of the plaintiff's claim; (4) the amount of money at stake; (5) the possibility of a dispute as to material facts; (6) whether the default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. See Fed. R. Civ. Proc. 8(b)(6); see also Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Allegations of damages must be proven. Geddes, 559 F.2d at 560. In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted).

///

## III.

## ORDER

Accordingly, on or before **August 15, 2015**, Plaintiff is ORDERED to show good cause in writing, if any exists, why Plaintiff has not proceeded to seek an entry of default judgment in this action as to defendant Dekker, pursuant to Rule 55(b).  Plaintiff is forewarned that, if he fails to show cause, request entry of default judgment, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as evidence of Plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss this action in its entirety.

If Plaintiff seeks to file a motion for entry of default judgment, Plaintiff's motion shall, at minimum, address:  (a) the procedural history of the action; (b) the requirements set forth in Local Rule 55-1; (c) the default judgment factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir. 1986); (d) the legal authority that sets out the elements of the causes of action upon which Plaintiff seeks default judgment; and (e) the legal basis—with specific citations to statutes and case law—for his damages claims, which must be supported by admissible evidence and detailed calculations.  As Plaintiff is proceeding *pro se* and *in forma pauperis*, upon receipt of the motion, the U.S. Marshal shall serve on defendant Dekker all documents concerning Plaintiff's request for default judgment as well as this Order.  <u>See</u> 28 U.S.C. § 1915(d).

DATED: July 17, 2015

_____
KENLY KIYA KATO
United States Magistrate Judge